## WILLIAM HAMERSLEY, STATE'S ATTORNEY vs. CHARLES BLAIR.

The act of 1877 (Session Laws, 1877, p. 159,) provides that upon an appeal from the judgment of a justice of the peace to the Superior Court in a criminal case, if the defendant shall fail to give bond for the prosecution of his appeal the justice shall commit him to the county jail till the next session of the Superior Court, there to answer to the complaint. Held that where on such an appeal the defendant gave a void bond, it did not make the appeal void, but that the case went into the appellate court, which had power by proper process to bring the defendant before it.

Whether a bond given in such a case is invalidated by the omission from the condition of the words "to prosecute his said appeal to effect:" *Quœre.*

Under the provisions of the statute (Gen. Statutes, tit. 20, ch. 13, part 10, sec. 1,) a very liberal construction should be given to such an instrument for the purpose of sustaining its validity.

APPLICATION by the Attorney for the State for a writ of mandamus to compel the defendant, a justice of the peace, to issue a mittimus for the execution of a judgment rendered by him in a criminal case; brought to the Superior Court in Hartford County. The Attorney demurred to the return of the defendant, and the case was reserved on the demurrer for the advice of this court. The case is sufficiently stated in the opinion.

*W. Hamersley,* State's Attorney, was heard in support of the demurrer. No counsel appeared for the defendant.

LOOMIS, J. From the record it appears that a justice court held by the defendant, having tried and convicted one Shook of the crime of cruelty to an animal, sentenced him to pay a fine and costs. From this judgment he appealed to the next term of the Superior Court, and gave a bond in all respects according to law except the addition of the words "to prosecute his said appeal to effect." Upon this bond the accused was given his liberty, and the justice transmitted copies of record in due form to the appellate court, where the accused appeared and moved to erase the cause from the docket, on the ground that the bond was void, and that there-

Hamersley *v*. Blair.

fore the appeal was void. The Superior Court, accepting this view of the law, erased the case from the docket. The Attorney for the State, assuming the ruling to be correct, and that the judgment of the justice remained unaffected by the appeal, instituted this application for a mandamus, to compel the defendant as justice aforesaid to execute and enforce his judgment.

It appears therefore that the question is in a nut-shell—if the appeal was a nullity, the judgment of the justice was not vacated and the defendant should issue his mittimus to enforce it as required by the writ of mandamus, but if the appeal was valid, the power of the justice has gone, and the appellate court alone can deal with the offense.

Prior to the act of 1877, (Session Laws of 1877, p. 159,) if the accused on appeal failed to give bonds, or gave a void bond, his appeal was considered of no avail, and the judgment of the justice court remained unaffected; but the act referred to was manifestly designed to remedy a defect in the old statute, under which the want of property or the want of friends might compel the accused to submit to the final judgment of a justice of the peace, however unjust. The new act secures to the accused the absolute right of appeal whether he gives bonds or not. The appeal is complete when taken in open court, and thereupon the jurisdiction of the justice over the accused (except on default of procuring bonds to commit him to jail as specified in the act,) ceases. And thereafter the Superior Court has sole jurisdiction of the offense, and can compel, by appropriate process, the appearance of the accused, even though he was not committed to jail by the justice, but was allowed his liberty on giving a bond for his appearance that proved to be void.

The view we have taken leads to the conclusion that the writ of mandamus will not lie in this case, irrespective of the question as to the validity of the bond given on the appeal. In avoiding the latter question however we would not be understood as endorsing by implication the opinion of the court below that the bond was void. Under the General Statutes, tit. 20, ch. 13, part 10, sec. 1, we should give a very

liberal construction to the instrument for the purpose of sustaining its validity. But the exigencies of the present case do not require a decision of this question.

We advise the Superior Court that the return as made by the defendant to the alternative mandamus is sufficient.

In this opinion the other judges concurred.